# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| In re: ) | |
| ) | Case No. 17-30532-btf7 |
| David Louis Braun and ) | |
| Glenda Sue Braun, ) | Chapter 7 |
| ) | |
| Debtors. ) | |

## ORDER DENYING TRUSTEE'S MOTION TO COMPEL TURNOVER

Trustee J. Kevin Checkett requests an order from the court requiring debtors David and Glenda Braun to turn over to the trustee an inheritance Glenda received from her deceased uncle. Because the court finds that the inheritance is not property of the bankruptcy estate, the court denies the trustee's request.

### JURISDICTION

The court has jurisdiction over this matter under 28 U.S.C. §§ 1334(b) and 157(a) and (b). This matter is statutorily and constitutionally core under 28 U.S.C. § 157(b)(2)(E). The court, therefore, has authority to hear this matter and make a final determination. No party has contested the court's jurisdiction or its authority to make final determinations.

### BACKGROUND

The following facts are undisputed. Debtors David and Glenda Braun filed their chapter 13 bankruptcy petition on October 18, 2017. Glenda's uncle died 233 days later, on June 8, 2018. After defaulting on their plan payments and obtaining two orders suspending missed plan payments, the debtors filed a motion to convert

their case to chapter 7, stating that they had separated, were no longer living in one household, and as a result no longer had any disposable income to fund a chapter 13 plan payment. The court granted that request and converted the case to chapter 7 on April 22, 2019.

Glenda received notice on August 6, 2019, that she would inherit $12,395.72 from her deceased uncle and, through counsel, notified the trustee by email of this inheritance a week later. Shortly thereafter, the trustee filed the motion for turnover.

## DISCUSSION

In the turnover context, the threshold question is whether the property is property of the bankruptcy estate. *See Brown v. Pyatt (In re Pyatt)*, 486 F.3d 423, 427 (8th Cir. 2007) (stating "it [is] clear that the turnover obligation applies to property of the estate"). When the trustee's motion came before the court for hearing on October 24, 2019, the trustee stated that this matter presents a purely legal issue—whether the inheritance is property of the chapter 7 bankruptcy estate—and that the trustee agreed with the debtors' recitation of the facts in their objection. During that hearing, the trustee and counsel for the debtors agreed that if the case had not been converted to chapter 7, the inheritance would have been property of the chapter 13 estate under 11 U.S.C. § 1306(a). They also agreed that, had the case been filed originally as a chapter 7 case, the inheritance would not have become property of the chapter 7 estate because Glenda's uncle died outside the 180-day window found in 11 U.S.C. § 541(a)(5). This is where the agreements end.

Because the case converted from chapter 13 to chapter 7, property of the converted chapter 7 estate "consist[s] of property of the estate, as of the date of the filing of the petition, that remains in the possession of or is under the control of the debtor on the date of conversion." 11 U.S.C. § 348(f)(1)(A). But if the conversion from chapter 13 to another chapter is in bad faith, the property of the estate in the converted case consists of the property of the estate as of the date of conversion. 11 U.S.C. § 348(f)(2); *In re Lien*, 527 B.R. 1, 6–7 (Bankr. D. Minn. 2015).

The trustee argues in his post-hearing brief that the debtors are proceeding in bad faith because they violated the terms of their confirmed plan and this court's chapter 13 plan confirmation order by not disclosing the inheritance or turning it over to the chapter 13 trustee. The shortcoming in the trustee's argument, however, is that the record reflects Glenda did not receive notice of the impending inheritance until nearly four months after conversion, and her counsel notified the chapter 7 trustee of the inheritance one week after Glenda received that notice.

There is no evidence in the record that the debtors converted their chapter 13 case to chapter 7 in bad faith. So § 348(f)(2) does not apply, and § 348(f)(1) guides the court's determination whether the inheritance is property of the estate. Because the inheritance was neither property of the estate as of the filing of the chapter 13 petition nor in the possession of or under the control of the debtors on the date of conversion—both requirements for the inheritance to be property of the converted chapter 7 estate under § 348(f)(1)(A)—the inheritance is not property of the debtors'

3

chapter 7 estate. Consequently, the trustee may not force the debtors to turn over the inheritance.

## CONCLUSION

For the above reasons, the court denies the trustee's motion to compel turnover. This order constitutes the court's findings of fact and conclusions of law under Fed. R. Civ. P. 52, made applicable to this contested matter by Fed. R. Bankr. P. 9014(c) and 7052.

Dated: 1/2/2020  /s/ Brian T. Fenimore  
United States Bankruptcy Judge